UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RAY ROBERTS,

Plaintiff,

v.

DAVID TRISTAN, et al.,

Defendants.

Case No. 03-cv-04652-SI

**ORDER**

Re: Dkt. Nos. 38, 46

This long-closed *pro se* prisoner's civil rights action is now before the court for consideration of plaintiff's motion to reopen and plaintiff's motion for miscellaneous relief.

This action was dismissed without prejudice on April 1, 2005, because plaintiff did not exhaust his administrative remedies before filing the action. Docket No. 29. Plaintiff's appeal was dismissed on July 21, 2005 because his notice of appeal was not timely filed. *See Roberts v. Tristan*, Ninth Cir. No. 05-16012 at Docket No. 4. Plaintiff filed nothing further for more than thirteen years.

In a motion filed October 4, 2018, plaintiff now moves "to reopen with leave to amend," asking that the action be reopened, apparently because he exhausted his administrative remedies after the dismissal and/or wants to amend his complaint. Defendants oppose the motion on the grounds that it is untimely and does not show extraordinary circumstances warranting relief. Like defendants, the court construes plaintiff's motion to be a motion for relief under Federal Rule of Civil Procedure 60(b)(6).

The court may relieve a party "from a final judgment, order, or proceeding" for any of several listed reasons. Fed. R. Civ. P. 60(b). The catchall provision in Rule 60(b)(6) allows relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion for relief under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Rule 60(b)(6) "vests power in

courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. We apply this provision sparingly: [a] party is entitled to relief under Rule 60(b)(6) where extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment." *Foley v. Biter*, 793 F.3d 998, 1002 (9th Cir. 2015) (citations and internal quotation marks omitted).

Plaintiff's motion for relief under Rule 60(b)(6) is DENIED. Docket No. 38. Plaintiff offers no explanation for waiting more than thirteen years to file his Rule 60(b)(6) motion and thus does not show that he filed his motion "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). Moreover, he does not show that setting aside the judgment is necessary to accomplish justice. Plaintiff wants to go forward with a claim that he exhausted after the case was dismissed or wants to amend his complaint to assert a new claim for which administrative remedies had been exhausted before he filed the action in 2003. The post-dismissal exhaustion of administrative remedies does not call for the reopening of the action and instead clears the way for a plaintiff to file a new action asserting those claims. *Cf. Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Insofar as plaintiff wants to amend his complaint to add a new claim that was exhausted before he filed the action in 2003, Rule 60(b)(6) relief is not appropriate because plaintiff inexplicably waited more than thirteen years to seek such relief.

Plaintiff may file a new action to assert his claims because the dismissal of the action in 2005 was without prejudice. He is cautioned, however, it is quite likely that claims based on events and omissions that occurred before 2003 will be barred by the statute of limitations. If plaintiff believes his civil rights currently are being violated, he may file a new civil rights action after he exhausts administrative remedies for claims about his current conditions. The proper venue for a claim about events and omissions at Ironwood State Prison (where plaintiff now is housed) would be the U.S. District Court for the Southern District of California.

Plaintiff's motion requesting several items of miscellaneous relief is DENIED. Docket No. 46. The court will not appoint counsel or issue a restraining order (especially against nondefendants) in a closed case that will remain closed. The clerk will send to plaintiff a photocopy order form for him to use if he wants to order copies of documents from this action; plaintiff must pay for those copies.

**IT IS SO ORDERED**.

Dated: November 29, 2018

_____
SUSAN ILLSTON
United States District Judge